IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

| | | |
|---|---|---|
| **ZACHARY PAUL CRUZ**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| **CAPTAIN SHEREA GREEN**, in her | ) | |
| individual capacity, | ) | |
| **MICHAEL J. SATZ**, in his official | ) | |
| and individual capacity | ) | |
| as State Attorney for the Office of the State | ) | |
| Attorney in and for Broward County, | ) | |
| **SARAHNELL MURPHY**, in her official | ) | |
| and individual capacity as Assistant | ) | |
| State Attorney for | ) | |
| the Office of the State Attorney in and for | ) | JURY TRIAL DEMANDED |
| Broward County, | ) | |
| **JUDGE KIM THERESA MOLLICA**, in | ) | |
| her individual capacity as Judge for the | ) | |
| Seventeenth Judicial Circuit, | ) | |
| **JOHN DOE #1,** in his individual capacity, | ) | |
| **JOHN DOE #2**, in his individual capacity, | ) | |
| and | ) | |
| **JOHN DOE #3**, in his individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, Zachary Paul Cruz, files this Complaint against Defendants Captain

Sherea Green, Broward County Sheriff's Office; Michael J. Satz, State Attorney, Office of

the State Attorney in and for Broward County; Sarahnell Murphy, Assistant State

Attorney, Office of the State Attorney in and for Broward County; Judge Kim Theresa

Mollica, Judge, Seventeenth Judicial Circuit; John Doe #1; John Doe #2 and John Doe #3,

1

utilizing 42 U.S.C. § 1983 as the statutory vehicle to vindicate his rights under the Fourth, Eighth, and Fourteenth Amendment of the U.S. Constitution, and all other applicable laws. In support thereof, the Plaintiff would state that:

## INTRODUCTION

At bottom, fear drove these Defendants to trample the Constitutional rights of Mr. Cruz, because he is related to a man who committed a most heinous act. On March 19, 2018 Broward County Deputies arrested Zachary Cruz on a simple misdemeanor trespass charge, that carried with it a court scheduled bond of just $25. Once Cruz arrived at Broward County Jail, his constitutional rights vanished. The starting point: Cruz's $25 bail was posted at approximately 9:54 pm on the day of his arrest. His records show that about an hour later, a decision was made that Cruz was in danger of being released 'into the streets.' So instead of doing what the Constitution and law require—releasing Mr. Cruz on his own recognizance because he was aged 18—Defendant Green condoned, ordered, and ratified Cruz's continued, unlawful detention in Broward County Jail, upon information and belief.

Next, while being held unlawfully, Cruz went before Defendant Mollica, who imposed a grossly disproportional and unconstitutional half-million-dollar bond on a misdemeanor charge, that carried with it a $25 bond that had already been paid. Said differently, Defendant Mollica imposed a bond that was literally 20,000 times greater than the court scheduled bond of $25—for solely a misdemeanor charge with no aggravating factors according to all documentation of the charge.

After that, upon information and belief, Green condoned and ordered Cruz to be committed to a mental institution, despite his medical records indicating otherwise. Essentially, because Cruz's brother committed a heinous act that only a severely mentally disturbed person could commit, these Defendants decided that Zachary Cruz must be just as mentally disturbed – despite all signs saying that he is not. Broward Heath Medical Center agrees that Cruz does not pose a danger to himself or others.

After spending five days at Broward Health Medical Center, BHMC decided against prescribing Cruz any mental health medication because, based on their professionals' observation, Cruz simply did not display the signs of a mentally disturbed person. Consequently, Cruz was released back to Green, and Defendant Green picked up right where she left off: violating Cruz's Constitutional rights. Cruz was immediately placed on suicide watch; placed in a weighted suicide vest; then placed in a room with booming bright lights that shone 24 hours a day, for the entire five days he was there. Making matters worse, Green assigned a "one-on-one" deputy to intimidate Cruz around the clock. As you can imagine, Cruz suffered from severe sleep deprivation under these conditions.

In sum, from unlawfully confining Cruz to jail, imposing a grossly unconstitutional bond upon him, then shipping him to a mental health facility with no objective justification, then bringing him back to jail to place him under bright lights, while weighing him down with a suicide jacket, and posting a guard by his side for "one-on-one" intimidation, these Defendants unsurprisingly coerced a plea deal from Mr. Cruz. Under those conditions, Cruz suffered from nothing less than undue and severe

duress. And to escape those conditions, Cruz took whatever plea deal was demanded, as evidenced by Mr. Cruz taking an astonishingly unconstitutional plea deal that literally bans him from all school property-- *anywhere in the United States*.

## JURISDICTION AND VENUE

### 1.

This Court has jurisdiction over the federal claims in this action in accordance with 28 U.S.C. § 1331, as the claims raise federal questions under the laws and Constitution of the United States.

### 2.

This Court has personal Jurisdiction over the Defendants as they reside and are domiciled within Broward County, Florida.

### 3.

Venue is proper in the Southern District of Florida, Ft. Lauderdale Division, under 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) as the Defendants reside in this District and all, or a substantial part of all, the events giving rise to the claims in this Complaint occurred within this District.

## PARTIES

### 4.

At all times relevant to this Complaint, Defendant Captain Sherea Green was a United States citizen, a Florida resident, a sworn deputy of the Broward County Sheriff's Office, and the Executive Officer of Broward County Main Jail. At all times relevant to this Complaint, Defendant Green was acting under color of state law. At all times relevant

to this Complaint, Defendant Green was subject to the laws of the State of Florida and the Constitution of the United States. At all times relevant to this Complaint, Defendant Green was responsible for knowing and acting in accordance with all policies, procedures, orders, special orders, general orders, guidelines and regulations of the Broward County Sheriff's Office. At all times relevant to this Complaint, Defendant Green was responsible for the operation of the Broward County Main Jail, for the conduct of the officers therein and for the treatment of pretrial detainees housed therein. Mr. Cruz is using 42 U.S.C. § 1983 as the vehicle to sue Defendant Green in her individual capacity regarding the federal claims relating to his treatment as a pretrial detainee with the Broward County Main Jail.

5.

Defendant John Doe #1 was at all times relevant to this Complaint a deputy with the Broward County Sheriff's Office, was a United States citizen, a Florida resident, and a sworn deputy of the Broward County Sheriff's Office. At all times relevant to this Complaint, Defendant John Doe #1 was acting under color of state law. At all times relevant to this Complaint, Defendant John Doe #1 was subject to the laws of the State of Florida and the Constitution of the United States. At all times relevant to this Complaint, Defendant John Doe #1 was responsible for knowing and acting in accordance with all policies, procedures, orders, special orders, general orders, guidelines and regulations of the Broward County Sheriff's Office. Mr. Cruz is using 42 U.S.C. § 1983 as the vehicle to sue John Doe #1 in his individual capacity regarding the federal claims relating to his

treatment as a pretrial detainee with the Broward County Main Jail.

6.

John Doe #2 and John Doe #3 were United States citizens, Florida residents, sworn deputies of the Broward County Sheriff's Office, and Correctional Officers of Broward County Main Jail. At all times relevant to this Complaint, John Doe #2 and John Doe #3 were acting under color of state law. At all times relevant to this Complaint, John Doe #2 and John Doe #3 were subject to the laws of the State of Florida and the Constitution of the United States. At all times relevant to this Complaint, John Doe #2 and John Doe #3 were responsible for knowing and acting in accordance with all policies, procedures, orders, special orders, general orders, guidelines and regulations of the Broward County Sheriff's Office. Mr. Cruz is using 42 U.S.C. § 1983 as the vehicle to sue Defendants John Doe #2 and John Doe #3 in their individual capacities regarding the federal claims relating to his treatment as a pretrial detainee with the Broward County Main Jail.

7.

Judge Kim Theresa Mollica was, at all times relevant to this Complaint, the Judge who heard the Plaintiff's bond hearing and issued the $500,000 bond with the attendant conditions. At all times relevant to this Complaint, Defendant Mollica was acting under color of state law. At all times relevant to this Complaint Defendant Mollica was subject to the laws of the State of Florida and the Constitution of the United States. At all times relevant to this Complaint Defendant Mollica was responsible for knowing and acting in accordance with all policies, procedures, orders, special orders, guidelines, and

regulations of the Florida Bar and the Judicial Ethics Committee. Mr. Cruz is using 42 U.S.C. § 1983 as the vehicle to sue Defendant Mollica regarding the federal claims relating to his excessive bond.

8.

State Attorney Michael J. Satz was, at all times relevant to this Complaint, the State Attorney who oversaw the prosecution of the Plaintiff's bond hearing and provided final approval of the plea deal with the attendant conditions. At all times relevant to this Complaint, Defendant Satz was acting under color of state law. At all times relevant to this Complaint Defendant Satz was subject to the laws of the State of Florida and the Constitution of the United States. At all times relevant to this Complaint, Defendant Satz was the policy maker for the Office of the State Attorney for the 17th Judicial Circuit in and for Broward County, Florida, as it related to requests for bail and for negotiating and obtaining plea agreements. At all times relevant to this Complaint Defendant Satz was responsible for knowing and acting in accordance with all policies, procedures, orders, special orders, guidelines, and regulations of the Florida Bar and the Office of the State Attorney for the 17th Judicial Circuit in and for Broward County, Florida. Mr. Cruz is using 42 U.S.C. § 1983 as the vehicle to sue Defendant Satz regarding the federal claims relating to his unconscionably obtained plea deal.

9.

Assistant State Attorney Sarahnell Murphy was, at all times relevant to this Complaint, the Assistant State Attorney who prosecuted the Plaintiff's bond hearing and negotiated the plea deal with the attendant conditions. At all times relevant to this

Complaint, Defendant Murphy was acting under color of state law. At all times relevant to this Complaint Defendant Satz was subject to the laws of the State of Florida and the Constitution of the United States. At all times relevant to this Complaint Defendant Murphy was responsible for knowing and acting in accordance with all policies, procedures, orders, special orders, guidelines, and regulations of the Florida Bar and of the Office of the State Attorney for the 17th Judicial Circuit in and for Broward County, Florida. Mr. Cruz is using 42 U.S.C. § 1983 as the vehicle to sue Defendant Murphy regarding the federal claims relating to his unconscionably obtained plea deal.

## STATEMENT OF FACTS

### 10.

Zachary Paul Cruz is an ordinary teenage boy. Unfortunately, Cruz's life has been marred by both tragedy and stigma. The last year has been particularly hard on Cruz. In November of 2017, Cruz's adoptive mother passed away. Cruz was forced to leave the home he knew and withdraw from his high school where all his friends were, Marjory Stoneman Douglas High School. Cruz moved to his legal guardian's home in Palm Beach County.

### 11.

Then, on February 14, 2018, Zachary Cruz's brother perpetrated the school shooting at Marjory Stoneman Douglas High School. In an instant, Cruz went from a child suffering a personal tragedy to the brother of a mass shooter, feared and reviled for the family he was born into.

12.

On March 19, 2018, Cruz was skateboarding around his prior hometown of Parkland, Florida. Cruz was not carrying a weapon. He did not make any threats, did not approach anyone, aggressively or otherwise, and did not behave in any odd manner. Cruz was merely behaving as a normal 18-year-old boy would, whiling a day away by skating around his town before meeting up with friends.

13.

Cruz did, unfortunately, skate onto the grounds of Marjory Stoneman Douglas High School. He did not break into any structures, break any gates, or otherwise force any entry. Cruz skated on the street and onto the grounds of the school after school was over, when the students had already been dismissed for the day. For any normal child, this would not be a major issue. Unfortunately for Zachary, he is the brother of Nicholas Cruz.

**A. The Arrest and Unlawful Seizure**

14.

When police approached Cruz on that day, that relationship would spark a series of events that resulted in the emotional and physical abuse of Cruz, culminating in an unconstitutionally coerced plea agreement.

15.

While skateboarding away from the high school, Cruz was approached by a Broward County Sheriff's Deputy. Upon being stopped by the Deputy, Cruz was cooperative, he did not flee, did not resist, and freely answered questions.

9

16.

Cruz was also clear, calm and coherent. Cruz provided his name, telephone number and details regarding his employment and living situation. When asked why he was there, Cruz also provided an answer understandable for anyone suffering through a traumatic experience; he was trying to soak it all in.

17.

Initially, the Deputies were preparing to issue a trespass warning to Cruz. However, upon learning who he was, Deputies arrested Cruz instead.

18.

According to the bond schedule issued by Administrative Order of the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, Order Number 2015-14-Crim, the bond for this charge is set at $25.

19.

At 9:54 p.m. on March 19, 2018, Cruz's bond was paid. Captain Sherea Green and the officers under her command refused to release Cruz after that bond was paid. At 11:00 on March 19, 2018, a medical report by Gale Kite, Ed.D ARNP, was written that states that Cruz has no telephone, no car, and no responsible transportation, he is at risk of being released to the streets, and has the entire community at unease.

20.

While in the custody of Broward Medical Health Center, the Broward County Sheriff's Office placed a Deputy outside of the medical unit guarding Cruz at all times.

Further, upon discharge, Broward Health Medical Center notified "the captain [Defendant Green] as per instructed" of his discharge.

21.

On the day of his arrest Cruz did, in fact, have his bond paid and attempted to depart detention. Staff at Broward County Main Jail, however, refused to release Cruz.

**B. The Excessive Bond**

22.

The next day, March 20, 2018, Cruz was taken before Judge Mollica for a bond hearing. At that hearing, the Assistant State Attorney Sarahnell Murphy requested bond be set at $750,000. Murphy argued that Cruz should not be permitted to return to Broward County, should have his home searched prior to his return, be barred from any school property, and be on house arrest and subject to GPS tracking. This, as was clearly stated at the hearing, was to be instituted as a result of the fear his presence invokes because of his family relationship. Murphy specifically asked that the Judge use every means available to ensure that the "students can attend school without fear".

23.

The Judge reset Cruz's bond at $500,000. The Judge noted that Cruz is the brother of Nicholas Cruz. The Judge noted that the students of Marjory Stoneman Douglas High School deserve to feel safe and that the Court was concerned that they had just suffered a tragedy. The Judge then set a host of additional restrictions, including a search of Cruz's home, barring Cruz from Broward County, ordering Cruz not to come within one mile

of Marjory Stoneman Douglas High School, and to have no contact with his brother or with any Marjory Stoneman Douglas High School student.

### C. The Unconstitutional Conditions of Confinement

24.

On March 20, 2018, at approximately 11:00 am, Cruz was Baker Acted and taken to Broward Health Medical Center. The medical records of Broward Health Medical Center indicate that Cruz was Baker Acted for trespass and bizarre behavior. Trespass does not justify a Baker Act. The only grounds possible is bizarre behavior by Cruz. Video of Cruz's arrest, however, shows no behavior by Cruz that can be considered bizarre. Cruz is calm and compliant. Cruz answered questions in a straightforward, clear, and coherent manner at the time of his arrest. Nowhere in the video of the arrest released to the public is any bizarre behavior by Cruz on display.  In the medical records of the Broward County Main Jail, for March 19, Cruz is noted as showing appropriate behavior. There is simply no indication of bizarre behavior.

25.

Cruz spent five days at that facility undergoing repeated mental health evaluations and on a 24 hour a day watch, which included checks every 15 minutes by hospital staff. Broward Health Medical Center did not keep Cruz under 24-hour lights. The doctors there found no depression, suicidal behaviors or ideation, or homicidal behavior or ideation. Cruz was noted as being pleasant, cooperative, and alert. Reported sadness was temporary and not clinically troubling.

26.

Cruz was released after five days, without any prescription for medication. The hospital did state that Cruz had adjustment disorder because of the recent events in his life. The hospital did recommend continued monitoring.

27.

Once in the care of the Broward County Main Jail, Cruz's treatment became immediately harsher. Cruz was placed in the Infirmary on 24 hour a day lock down, leaving his cell only for visits to his attorney or his daily nurse calls. Again, it is important to note that Cruz was held as a pretrial detainee on a misdemeanor trespassing charge and had been fully cooperative with law enforcement.

28.

Cruz was initially placed in a suicide vest, a heavy restraint vest that limited his movement, 24 hours a day. Upon information and belief, this vest was removed after Cruz agreed to accept the plea deal. He was placed under constant, bright lighting 24 hours a day. This lighting was not dimmed at night and severely interfered with Cruz's ability to sleep, as did the suicide vest.

29.

A guard was placed with Cruz for one on one "observation" until he was released on March 29, 2018.

30.

On Cruz's daily visits to the jail nurse, the nurse on duty continually harassed Cruz, asserting that 'you're not ok' and that there must be something wrong with Cruz.

The guard accompanying Cruz would nod and agree with this assessment. Cruz was not defiant but would not admit to mental health issues he did not possess.

### D. The Unconscionably Obtained Plea Deal

31.

Eventually, after spending 240 hours in confinement, 120 of them locked in a cell under constant lighting, with little sleep, and forced to remain in a heavy suicide vest, Cruz agreed to the plea deal offered by the States Attorney. Cruz accepted this deal only to escape this treatment.

32.

The plea deal Cruz is subject to requires Cruz to again undergo mental health evaluation. It requires that Cruz serve 6 months probation, remain 1 mile from Marjory Stoneman Douglas High School, not possess firearm or weapons, not possess alcohol or drugs, and it requires that Cruz not set foot on any school campus wherein he is not enrolled, not visit or have any contact with any student of Marjory Stoneman Douglas High School and to have no contact with his brother.

33.

This plea bargain makes it difficult for Cruz to finish high school, as he would be required to spend at least some time on school grounds to become enrolled.

34.

This plea bargain cuts Cruz off from contact with any of his friends from his hometown, friends he made while attending Marjory Stoneman Douglas High School.

This removes a major source of social support from Cruz during a difficult time, made more difficult by the actions of the Defendants.

35.

This plea bargain also cuts Cruz off from access to his brother, who is his family despite his actions. This deprives Cruz of his ability to seek understanding and solace from his family during a difficult time, made more difficult by the actions of the Defendants.

36.

Cruz would have challenged his arrest at trial, or at least negotiated a better deal, had he not been subject to the treatment he received in Broward County Main Jail. Cruz's acceptance of the plea deal was obtained through the coercive and abusive treatment he received from the Broward County Main Jail staff.

37.

Each and every part of Cruz's treatment, from his continual Baker Act holds, to his unconstitutionally high bail and conditions, his mistreatment within the jail, and the harsh conditions of his unconscionably obtained plea agreement result from who Cruz is related to.

### COUNT I
### VIOLATION OF CRUZ'S FOURTH AMENDMENT
### RIGHTS FOR FAILURE TO RELEASE PLAINTIFF UPON PAYING BOND
*(Against Captain Sherea Green in her individual capacity)*
**38.**

Cruz hereby restates and incorporates by reference the allegations contained in paragraphs 1-37 as if set forth herein.

39.

At all times relevant to this Complaint, Cruz had a clearly established right under the Fourth Amendment to the United States Constitution to be free from unreasonable seizures of his person by law enforcement officers such Captain Sherea Green and her subordinates.

40.

On March 19, 2018, Cruz was arrested for trespassing. Per administrative order, the bond for this crime is set at $25. At 9:54 p.m. on March 19, 2018, Cruz's bond was paid. Captain Sherea Green and the officers under her command refused to release Mr. Cruz after that bond was paid. At 11:00 on March 19, 2018, a medical report by Gale Kite, Ed.D ARNP, states that Cruz has no telephone, no car, and no responsible transportation, he is at risk of being released to the streets, and has the entire community is at unease.

41.

On March 20, 2018, Cruz was taken before Judge Mollica for a bail hearing, despite Cruz's bond having already been paid. At that time, Cruz's bond was reset for $500,000 and he was returned to the jail.

42.

Due to the Defendant's conduct, based on the facts incorporated into this Count and the allegations within this Count, Cruz is entitled to the relief he seeks.

**COUNT II**
**VIOLATION OF CRUZ'S FOURTEENTH AMENDMENT DUE PROCESS RIGHT**
**FOR FAILURE TO RELEASE PLAINTIFF UPON PAYING BOND**
*(Against Captain Sherea Green in her individual capacity)*

43.

Cruz hereby restates and incorporates by reference the allegations contained in paragraphs 1-37 as if set forth herein.

44.

Based on all the facts incorporated to support this Count, Green violated Cruz's due process rights because he was due the process of being released as a matter of law once he posted his bond, yet, Green violated his due process rights by unlawfully maintaining Cruz in jail and thus unlawfully restricting his liberty.

**COUNT III**
**VIOLATION OF CRUZ'S FOURTEENTH AMENDMENT RIGHTS**
**FOR MISTREATMENT AND ABUSE WITHIN BROWARD COUNTY MAIN JAIL**
*(Against Captain Sherea Green, John Doe #1, John Doe #2, and John Doe #3*
*in their respective individual capacities)*

45.

Cruz hereby restates and incorporates by reference the allegations contained in paragraphs 1-37 as if set forth herein.

46.

Based on all facts that have been incorporated to support this Count, Captain Green was responsible for the conduct of her officers while securing pretrial detainees in Broward County Main Jail. Captain Green, upon information and belief, approved the assignment of a Deputy to Cruz's cell 24 hours a day. Defendant Green is responsible for,

and approved, the placement of Cruz in a suicide restraint vest, 24 hours a day. Defendant Green is responsible for, and approved, the placement of Cruz on 24-hour lighting, with no dimming of the light to permit sleep. John Doe #1 Baker Acted Cruz without adequate cause, which act Defendant Green ratified and approved.

47.

While Broward Health Medical Center did recommend that Cruz continue on suicide prevention, the decision of how to enact that watch was in Defendant Green's discretion. Cruz was not on any medication. Cruz was noted as pleasant, compliant, and without suicidal or homicidal thoughts or ideations. At Broward Health Medical Center, Cruz was on suicide watch that included checks every 15 minutes.

48.

Defendant Green instituted the coercive and punishing procedures in place for Cruz. These procedures went far beyond a simple suicide watch and included precautions that lead to sleep deprivation.

49.

Due to the Defendants' conduct, based on the facts incorporated into this Count and the allegations within this Count, Cruz is entitled to the relief he seeks.

## COUNT IV
## DECLARATORY AND INJUNCTTIVE RELIEF FOR EXCESSIVE BAIL
### *(Against Judge Kim Theresa Mollica in her individual capacity)*

50.

Cruz hereby restates and incorporates by reference the allegations contained in paragraphs 1-37 as if set forth herein.

51.

Based on all facts that have been incorporated to support this Count, Judge Mollica issued bail far in excess of the standard bail for this offense. In addition, Judge Mollica issued a series of bail conditions with little or no connection to ensuring Cruz's appearance at trial or with the safety of the community.

52.

Judge Mollica issued a bail set at $500,000. This bail is far in excess of the bail normal for this minor offense and bears no relationship to the crime accused. Further, this bail is far beyond any financial ability of Cruz to pay, whose only alleged asset at the hearing was a $25,000 insurance policy from his mother. While bail is not a constitutional guarantee, where bail is given it cannot be so excessive as to constitute a fine.

53.

In addition, the conditions set for this bail demonstrate that it is not related to the appearance of Cruz at trial. Cruz was to be banned from Broward County completely, except to attend court hearings. This provision seems to encourage failure to appear rather than his appearance.

19

54.

Further, the conditions were not rationally related to any legitimate safety concerns of the public. Cruz did not present any danger and had no indications of any danger to the community other than his relationship to Nicholas Cruz. While his release from jail may have made the students of Marjory Stoneman Douglas High School and their parents apprehensive, this does not increase any danger posed by Cruz. The students deserve to be able to attend school without fear but they do not have the right for Cruz to be jailed to ensure that lack of fear.

55.

Due to the Defendant's conduct, based on the facts incorporated into this Count and the allegations within this Count, Cruz is entitled to the relief he seeks.

**COUNT V**
**DECLARATORY AND INJUNCTIVE RELIEF**
**FOR UNCONSCIONABLY OBTAINED PLEA**
*(Against Assistant State Attorney Sarahnell Murphy, State Attorney Michael J. Satz,*
*and Judge Kim Theresa Mollica in their respective capacities)*

56.

Cruz hereby restates and incorporates by reference the allegations contained in paragraphs 1-37 as if set forth herein.

57.

Cruz accepted the plea deal offered by Murphy and approved by Satz only as a result of the unconscionable conditions of his confinement. Absent the abuse and mistreatment of his incarceration, Cruz would not have signed the deal.

58.

The deal offered by Murphy contained conditions of release significantly greater than that received by similarly situated defendants. Upon information and belief, Murphy had reason to know of the conditions of Cruz's confinement. As such, Cruz's agreement to the deal was not freely and knowingly given. As such, the contract was obtained through unconscionable means and the plea deal in null and void; Cruz did not give informed consent. Plaintiff requests that the deal be set aside as to the provisions barring Cruz from being on any school grounds, from having contact with Marjory Stoneman Douglas High School Students, and from having contact with his brother.

59.

Due to the Defendants' conduct, based on the facts incorporated into this Count and the allegations within this Count, Cruz is entitled to the relief he seeks.

**COUNT IV**
**DECLARATORY AND INJUNCTIVE RELIEF**
**FOR AN UNCONSCIONABLE CONTRACT**
*(Against Assistant State Attorney Sarahnell Murphy, State Attorney Michael J. Satz,*
*and Judge Kim Theresa Mollica in their respective official capacities)*

60.

Cruz hereby restates and incorporates by reference the allegations contained in paragraphs 1-37 as if set forth herein.

61.

Based on the facts incorporated to support this Count, the probation agreement is a contract, and the contents of the contract are unconscionable; thus, the contract is void. It is unconscionable to ban Cruz from all school campuses in the United Stated

because he was charged with a misdemeanor trespass on one school property and his brother committed a heinous act on school property. There is no evidence that Cruz colluded with his brother in any way to commit that heinous act nor has Cruz been arrested in connection with the crime of which his brother is accused. Plus, Cruz's charge is a simple misdemeanor—nothing more according to all his documentation. Cruz requests that this that this contract be set aside as to the provisions barring Cruz from being on any school grounds, from having contact with Marjory Stoneman Douglas High School Students, and from having contact with his brother.

62.

Due to the Defendants' conduct, based on the facts incorporated into this Count and the allegations within this Count, Cruz is entitled to the relief he seeks.

**COUNT II**
**STATE LAW CLAIM OF FALSE IMPRISONMENT**
*(Against Captain Sherea Green in her individual capacity)*

63.

Based on the facts alleged in this Complaint, from paragraphs 1-37, Green falsely imprisoned Plaintiff by continuing Plaintiff's incarceration when Green knew she had no lawful authority to do so. As such, Plaintiff is entitled to all damages permissible by law.

**COUNT V**
**PUNITIVE DAMAGES**
*(Against Captain Sherea Green, John Doe #1, John Doe #2,*
*and John Doe #3 in their respective individual capacities)*

64.

Based on the facts alleged in this Complaint, Plaintiff is entitled to punitive damages, under all applicable laws, because, *inter alia*, Defendants Green, Doe #1, Doe #2 and Doe #3 acted with willful and conscious indifference to the laws that protect Cruz's Constitutional rights.

<u>**COUNT VI**</u>
<u>**ATTORNEY FEES**</u>
*(Against All Defendants)*

Based on the facts alleged in this Complaint, the Plaintiff is entitled to attorney's fees against all defendants under 42 U.S.C. § 1983, § 1988(b), and all applicable laws.

WHEREFORE, Plaintiff prays this Court:

a) That process issue and service be had on each Defendant;

b) That a jury trial be had on all issues so triable;

c) That Plaintiff recover all costs of this litigation;

d) That Plaintiff be awarded all other expenses in an amount to be determined at trial, including attorney fees;

e) That Plaintiff have judgment against Defendant Green for punitive damages;

f) That this Court grant equitable and declaratory relief Plaintiff has requested; and

g) That Plaintiff receives such other and further relief as this Court deems just and proper.

Respectfully submitted on this 3rd day of May 2018,

/s/ Dallas S. LePierre
DALLAS S. LEPIERRE
Florida Bar No. 101126
*Counsel for Plaintiff*

NEXUS DERECHOS HUMANOS ATTORNEYS, INC.
44 Broad Street, NW, Suite 200
Atlanta, Georgia 30303
(404) 254-0442 Telephone
(404) 592-6225 Facsimile
dlepierre@ndhlawyers.com
mdobbs@ndhlawyers.com