IN THE UNITED STATES DISTRICT COURT FOR
THE  SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

Case No. 18-CV-60995-KMM

ZACHARY PAUL CRUZ,

       Plaintiff,

vs.

**CAPTAIN SHEREA GREEN**, in her
individual capacity,
**MICHAEL SATZ**, in his official
and individual capacity
as State Attorney for the Office of the State
Attorney in and for Broward County,
**SARAHNELL MURPHY**,  in her official
and individual capacity as Assistant
State Attorney for the Office of the
State Attorney in and for Broward County,
**JUDGE KIM THERESA MOLLICA**, in
her individual capacity as Judge
for the Seventeenth Judicial Circuit,
**JOHN DOE #1**, in his individual capacity,
**JOHN DOE #2**, in his individual capacity, and
**JOHN DOE #3**, in his individual capacity,

       Defendants.

_____/

## DEFENDANT CAPTAIN SHEREA GREEN'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant Captain Sherea Green, sued in her Individual Capacity, as Captain Sherea Green (hereinafter "Defendant Green"), and by and through Fed. R. Civ. P. 12(b)(6) files this Motion to Dismiss Plaintiff's Complaint. In support of same, Defendant Green states as follows:

1. Plaintiff, Zachary Cruz, has brought a multi-count Complaint against the Defendants in this action.

2. Plaintiff's purported claims arise out of his March 19, 2018 arrest and subsequent detention.

3. Four counts of Plaintiff's Complaint are plead against Defendant Green. Count I is for violation of the Fourth Amendment based on Defendant Green's alleged failure to release Plaintiff once Plaintiff posted the scheduled $25 bond. Count II is for violation of the Fourteenth Amendment based on Defendant Green's alleged failure to release Plaintiff once Plaintiff posted the scheduled $25 bond, and Count III is for violation of Plaintiff's Fourteenth Amendment rights for mistreatment and abuse within the Broward County Main Jail. The fourth count plead against Defendant Green and misidentified in the Complaint as Count II, is a state law claim for false imprisonment. The first three counts are brought against Captain Green in her individual capacity under 42 U.S.C. Section 1983. The count for false imprisonment is also brought against Defendant Green in her individual capacity and is brought under Florida state law.

4. Plaintiff has also plead separate counts against Defendant Green for punitive damages and attorney's fees.

5. For reasons expressed more fully below, all counts plead against Captain Green should be dismissed for failure to state a cause of action.

## MEMORANDUM OF LAW

## FACTUAL ALLEGATIONS[1]

On March 19, 2018, Plaintiff was arrested on a misdemeanor charge. (Complaint, page 2). Plaintiff was arrested for trespassing on the campus of Marjorie Stoneman Douglas High School. Plaintiff is the brother of brother of Nicholas Cruz, who perpetrated the February 14, 2018 school shooting at Marjory Stoneman Douglas High School. (Complaint page 8). At 9:54 p.m. on March 19, 2018, Plaintiff's $25 bond was paid. (Complaint, page 10). This was a scheduled bond. (Id.). Plaintiff was not released at that time.

On March 20, 2018, Plaintiff was taken before the Honorable Kim Mollica for a bond hearing. (Complaint, page 11). The Assistant State Attorney requested Plaintiff's bond be set at $750,000. (Id.). Judge Mollica reset Plaintiff's bond at $500,000. (Id). On March 20, 2018, Plaintiff was Baker Acted and taken to Broward Health Medical Center. (Id. at page 12). Plaintiff spent five days at Broward Health Medical Center and underwent mental health evaluations and was on a 24 hour a day watch, which included checks every 15 minutes by hospital staff. (Id). Plaintiff was released after five days, without any prescription for medication; however the hospital did recommend continued monitoring. (Id. at page 13). Once back at the Broward County Main Jail, Plaintiff was placed in the Infirmary on 24 hour lock down, leaving his cell only for visits to his attorney or his daily nurse calls. (Id.). Plaintiff was placed in a suicide vest, and placed under bright lighting 24 hours a day. (Id.). A guard was also placed with Plaintiff for one on one observation until Plaintiff was eventually released on March 29, 2018. (Id.).

---

[1] Defendant Green does not agree with Plaintiff's factual allegations. However, Defendant Green concedes that the Court must accept all factual allegations as true when considering a motion to dismiss.

## MOTION TO DISMISS STANDARD

Complaints should be dismissed if they fail "to state a claim upon which relief can be granted." See Fed. R. Civ. P. 12 (b) (6). In deciding a motion to dismiss, the Court must accept as true all factual allegations in the Complaint. Hughes v. United States, 110 F.3d 765, 767 (11th Cir. 1997); Brown v. Crawford County, Ga., 960 F.2d 1002, 1010 (11th Cir. 1992). "[D]ismissal is warranted under Fed. R. Civ. P. 12(b) (6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989).

Additionally, the court may dismiss a case when the allegations in the complaint on their face demonstrate that an affirmative defense bars recovery of the claim. Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir.2001). While a complaint need not contain detailed factual allegations, it needs to contain sufficient allegations to constitute facial plausibility (i.e. when the pleaded content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged). See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007).

## 42 U.S.C. SECTION 1983

In order to prevail on his claims under 42 U.S.C. Section 1983, Plaintiff must establish that Captain Green: (1) deprived him of a right under the Constitution or federal law; and (2) the deprivation occurred under color of state law. Willis v. University Health Services, Inc., 993 F. 2d 837 (11th Cir. 1993). Captain Green has been sued in her individual capacity. As such, she is entitled to assert qualified immunity. The doctrine of qualified immunity provides that governmental officers performing discretionary

functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Case v. Ellinger, 555 F. 3d 1317 (11th Cir. 2009). Qualified immunity balances two important interests: (1) the need to hold public officials accountable when they exercise power irresponsibly; and (2) the need to shield officers from harassment, distraction and liability when they perform their duties reasonably. Id. Significantly, it is an immunity from suit rather than from liability. Id. As such, courts are to resolve the immunity issue at the earliest possible stage in litigation. Id. Additionally, the Supreme Court has stated that the driving force behind the creation of the qualified immunity defense was a desire to ensure that insubstantial claims against governmental officials will be resolved prior to discovery. Pearson v. Callahan, 129 S.Ct. 808, 815, 555 U.S. 223, 231 (2009).

To invoke the defense of qualified immunity, a governmental official must first establish that it was working in the scope of its discretionary authority. Id. Once that is established, the burden shifts to the Plaintiff to overcome the defense of qualified immunity. Id. In the instant case, Plaintiff's allegations clearly establish that Defendant Green was acting within the scope of her discretionary authority at all times material. As such, Defendant Green is entitled to assert qualified immunity to Plaintiff's Section 1983 claims.

Finally, supervisory officials are not liable under Section 1983 for all unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability. West v. Tillman, 496 F.3d 1321 (11th Cir. 2007). Moreover, supervisory defendants are liable under Section 1983 only if they personally participated in the

allegedly unconstitutional conduct, or if there is a causal connection between their actions and the alleged constitutional deprivation. Id. In order to establish Section 1983 liability for supervisory officials who were not personally involved in the allegedly unconstitutional conduct, plaintiffs must present evidence of either: (1) a custom or policy that results in deliberate indifference to constitutional rights or facts that support an inference that the supervisors directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so: or (2) a history of widespread abuse that put the responsible supervisor on notice of the need to correct the alleged deprivation and he or she fails to do so. Id.

## COUNTS I AND II FOR VIOLATIONS OF THE FOURTH AND FOURTEENTH AMENDMENTS SHOULD BE DISMISSED FOR FAILURE TO STATE A CAUSE OF ACTION

In Counts I and II of the Complaint, Plaintiff attempts to bring a cause of action under 42 U.S.C. Section 1983 against Defendant Green in her individual capacity. Plaintiff alleges that his Fourth and Fourteenth Amendment rights were violated when he was not released after he posted the scheduled $25 bond.

First, it is Defendant Green's position that any claim under the Fourth Amendment should be dismissed as Plaintiff's claims concern Defendant Green's alleged failure to release him after he posted the scheduled bond. There are no allegations in Plaintiff's Complaint that the arrest was in any way invalid. Thus, Plaintiff's claims of false imprisonment are properly analyzed under the Fourteenth Amendment and not the Fourth Amendment. See Steele v. Roden, 2007 WL 9711489 (N.D. Ala. 2007).

Plaintiff has a difficult burden to overcome in attempting to state a cause of action for a violation of the Fourteenth Amendment based on a claim of over detention. In order to establish such a violation, Plaintiff is required to demonstrate that Defendant Green acted with deliberate indifference to Plaintiff's due process rights. West v. Tillman, 496 F.3d 1321, 1327 (11th Cir. 2007). In order to establish deliberate indifference, Plaintiff is required to show the following: (1) subjective knowledge of a risk of serious harm; (2) that Defendant Green disregarded that risk; and (3) by conduct that is more than mere negligence. Id. citing Cagle v. Sutherland, 334 F.3d 980, 987 (11th Cir. 2003). This deliberate indifference standard is a difficult burden to meet. West v. Tillman, 496 F.3d 1321, 1327 (11th Cir. 2007). Plaintiff has failed to do so here, and his claims should be dismissed accordingly.

The Eleventh Circuit decision in Case v. Ellinger, 555 F. 3d 1317 (11th Cir. 2009), is instructive. There, the Court found no constitutional violation despite the plaintiff's claim that he was not released from jail until more than seven hours after he posted his bond. Id. at 1329. Significantly, the Court noted that detention of a suspect beyond forty eight hours without a probable cause determination violates an individual's rights under the Fourth Amendment, and if probable cause is determined within forty eight hours, the plaintiff must demonstrate that his detention was unreasonably delayed. Id. at 1329-1330. In the instant case, the allegations in Plaintiff's Complaint establish that a bond hearing was held the day after his arrest. Moreover, the allegations in Plaintiff's Complaint fail to establish that his detention was unreasonably delayed. Conversely, Plaintiff's allegations demonstrate the exact opposite as Plaintiff notes that "[a]t 11:00 on March 19, 2018, a medical report by Gale Kite, Ed.D ARNP, was written that states that

Cruz has no telephone, no car, and no responsible transportation, he is at risk of being released to the streets, and has the entire community at unease." (Complaint, page 10, paragraph 19).

In the instant case, Plaintiff has failed to meet his burden to establish that Captain Green acted with deliberate indifference. At most, Plaintiff remained in detention between when he posted the scheduled bond at 9:54 p.m. on March 19, and when Judge Mollica imposed the $500,000 bond the very next day. Furthermore, Plaintiff's very own Complaint demonstrates that there was concern over releasing Plaintiff when he posted the scheduled bond at approximately 9:54 p.m. based on Nurse Kite's note. As such, Plaintiff's allegations fall well short of demonstrating the type of deliberate indifference required to state a claim against Defendant Green. Furthermore, to the extent Plaintiff is attempting to impose supervisory liability on Defendant, his allegations are also insufficient. As such, Plaintiff's claims under Counts I and II should be dismissed.

## COUNT III FOR VIOLATION OF THE FOURTEENTH AMENDMENT SHOULD BE DISMISSED FOR FAILURE TO STATE A CAUSE OF ACTION

In Count III of the Complaint, Plaintiff attempts to bring a cause of action under 42 U.S.C. Section 1983 against Defendant Green in her individual capacity. Plaintiff alleges that his Fourteenth Amendment rights were violated as he was mistreated and abused while at the Broward County Main Jail. The allegations of Plaintiff's Complaint do not describe any instances of excessive force or physical abuse. Rather, his allegations are more properly characterized as describing conditions of his confinement.

The allegations Plaintiff cites to support this claim are as follows: (1) Captain Green was responsible for the conduct of her officers while securing pretrial detainees in

the Broward County Main Jail (paragraph 46 of Plaintiff's Complaint); (2) Captain Green, upon information and belief, approved the assignment of a Deputy to Plaintiff's cell 24 hours a day (Id.); (3) Defendant Green is responsible for and approved the placement of Plaintiff in a suicide restraint vest 24 hours a day (Id.); Defendant Green is responsible for and approved the placement of Cruz on 24 hour lighting, with no dimming of the light to permit sleep (Id.); John Doe #1 Baker Acted Cruz without adequate cause, which act Defendant Green ratified and approved (Id.); While Broward Health Medical Center did recommend that Cruz remain on suicide prevention, the decision of how to enact that watch was in Defendant Green's discretion. (paragraph 47 of Plaintiff's Complaint); Cruz was not on any medication. Cruz was noted as pleasant, compliant, and without suicidal or homicidal ideation or thoughts or ideations. At Broward Health Medical Center, Cruz was on suicide watch that included checks every fifteen minutes. (Id.).

These allegations are insufficient to support a claim under the Fourteenth Amendment based on the conditions of Plaintiff's confinement. Significantly, Plaintiff concedes that Broward Health Medical Center recommended Plaintiff remain on suicide prevention. Plaintiff further concedes that how to enact that watch was in Defendant Green's discretion. (paragraph 47 of Plaintiff's Complaint). As a result, it can hardly be argued that approving the placement of Plaintiff in a suicide vest for 24 hours a day somehow violated Plaintiff's Fourteenth Amendment rights when Broward Medical Center recommended Plaintiff remain on suicide watch. Even assuming arguendo that Defendant Green ratified and approved the placement of Plaintiff in a suicide vest, she was acting in accordance with what the medical professionals had recommended. (that

Plaintiff remain on suicide watch).  It is also unclear how assigning a deputy to Plaintiff's

cell 24 hours a day violated Plaintiff's Fourteenth Amendment rights. Furthermore, as

Plaintiff was on suicide watch, keeping the lights on 24 hours a day was at least

reasonable to ensure Plaintiff did not harm himself, and certainly does not support a

claim for a constitutional deprivation.

     When examining a pre-trial detainee's challenge to the conditions of his

confinement, the Court is to look to the Fourteenth Amendment's Due Process Clause,

rather than the Eighth Amendment's Cruel and Unusual Punishment Clause to determine

whether the detainee's rights were violated. Ellis v. Pierce County, GA, 415 Fed. Appx.

215, 217 (11th Cir. 2011), citing Bozeman v. Orum, 422 F. 3d 1265, 1271 (11th Cir.

2005). However, the distinction makes no practical difference as cases involving

convicted prisoners and decided under the Eighth Amendment apply equally to cases

involving pretrial detainees. Id. A plaintiff seeking to establish unconstitutional

conditions of confinement must clear a high bar by demonstrating extreme deprivations.

Id. citing Chandler v. Crosby, 379 F. 3d 1278, 1298 (11th Cir. 2004). A pretrial detainee

in a conditions of confinement suit must satisfy both an objective and a subjective inquiry

into the conduct of the defendants. Ellis v. Pierce County, GA, 415 Fed. Appx. 215, 217

(11th Cir. 2011). Under the objective component, the plaintiff must prove that the

conditions are sufficiently serious to violate the Eighth Amendment. In other words, he

must prove that the extreme conditions created an unreasonable risk, and one that society

chooses not to tolerate of serious damage to the plaintiff's future health or safety. Id.

     There is also a subjective component a plaintiff must satisfy in a conditions of

confinement case. This requires the plaintiff show that the defendants acted with a

sufficiently culpable state of mind. Id. at 218, citing Hudson v. McMillian, 503 U.S. 1,

112 S.Ct. 995, 1000 (1992). This requires deliberate indifference, which has three

components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk;

and (3) by conduct that is more than mere negligence. Ellis v. Pierce County, GA, 415

Fed. Appx. 215, 218 (11th Cir. 2011), citing McElligott v. Foley, 182 F.3d 1248, 1255

(11th Cir. 1999).

     Plaintiff has failed to allege any conditions of confinement that were extreme or

posed any serious threat to his future health. In Ellis, the Court held that a pretrial

detainee's Fourteenth Amendment rights were not clearly violated by sleeping on a mat

on the floor of his cell, or by the denial of television, limited access to a telephone,

limited social time with other inmates and no hot water. Furthermore, in Bennett v.

Chitwood, 519 Fed. Appx. 569 (11th Cir. 2013), the Court found that a pre-trial

detainee's exposure to cool temperatures of 50 degrees in his jail cell while jail officials

required him to remain nude for approximately 10.5 hours during his treatment for

scabies did not present a substantial risk of serious harm to the detainee, as is required for

a violation of the Fourteenth Amendment.

     In Carter v. DeKalb County, 521 Fed. Appx. 725 (11th Cir. 2013), the Court again

found a pre-trial detainee's allegations insufficient to establish a claim for

unconstitutional conditions of confinement. There, the plaintiff alleged hat he was forced

to sit in an interrogation room in wet underpants, and without food or drink for a few

hours while he was questioned. Id. In so finding, the Court stated that it was unable to say

that the plaintiff had alleged any extreme conditions that posed an unreasonable risk of

serious damage to his future health. Id. at 730.

In the *instant case*, Plaintiff's claim for unconstitutional conditions of confinement fails. Plaintiff has not alleged any extreme conditions that posed an unreasonable risk of serious damage to his future health. Conversely, Plaintiff's allegations (a guard assigned to his cell 24 hours a day, a suicide vest and 24 hour lighting in his cell) demonstrate the exact opposite. These allegations demonstrate that precautions were taken to ensure that a detainee on suicide watch did not harm himself. At the minimum, Plaintiff's allegations are insufficient to overcome Defendant Green's qualified immunity and as such, Plaintiff's claim must be dismissed. See Jacoby v. Baldwin County, 835 F. 3d 1338 (11th Cir. 2016)(where the Court found a county sheriff entitled to qualified immunity for his alleged conduct in placing a pretrial detainee in an overcrowded cell with two other inmates while he was temporarily housed in administrative segregation, which allegedly required the detainee to sleep on the floor with no mattress and sheets while next to a toilet, where he was allegedly exposed to human excrement as no case law clearly established that putting a detainee in a cell with two other inmates or having him sleep on the floor temporarily was unconstitutional).

## THE STATE LAW CLAIM FOR FALSE IMPRISONMENT SHOULD BE DISMISSED FOR FAILURE TO STATE A CAUSE OF ACTION

Plaintiff attempts to bring a claim for false imprisonment under state law against Defendant Green. This count should also be dismissed for failure to state a cause of action. Because this claim is brought under state law, Plaintiff must comply with Florida Statutes Section 768.28. Under Florida Statutes Section 768.28(9)(a), no officer, employee or agent of the state shall be held personally liable in tort unless the individual acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful

disregard of human rights, safety or property. No such allegation is made here against Defendant Green. As such, this count is deficient on its face and should be dismissed accordingly.

Finally, Plaintiff has plead separate counts for attorney's fees and punitive damages. These counts should also be dismissed as Plaintiff has failed to state a cause of action against Defendant Green.

WHEREFORE, Defendant Green requests that this Court enter an Order, granting this Motion to Dismiss, along with any other relief the Court deems appropriate.

**Dated: August 30, 2018**

**Respectfully submitted,**

**WALTON LANTAFF SCHROEDER & CARSON LLP**
**Attorney for Captain Green**
Corporate Center
110 E. Broward Blvd., Suite 2000
Fort Lauderdale, FL 33301-3503
Tel:   (954) 463-8456
Fax:   (954) 763-6294

By: _____
Beth J. Leahy, Esquire
Florida Bar No.: 308048

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by CM/ECF system on all counsel or parties of record indicated on the Service List below on this _30th_ day of August, 2018.

By: _____
        Beth J. Leahy, Esquire
        Florida Bar No.: 308048

## SERVICE LIST

Beth J. Leahy, Esquire
Bleahy@waltonlantaff.com
Florida Bar No.: 308048
WALTON LANTAFF SCHROEDER &
CARSON LLP
Corporate Center
110 E. Broward Blvd., Suite 2000
Fort Lauderdale, FL 33301-3503
*Attorney for Captain Sherea Green*

Dallas S. LePierre, Esq.
Nexus Derechos Humanos Attorneys, Inc.
44 Broad Street, N.W., Suite 200
Atlanta, GA 30303
dlepierre@ndhlawyers.com
mdobbs@ndhlawyers.com
*Attorneys for Plaintiff*